UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK EGAN SMITH, No. 202759,

       Plaintiff,

                                         File No. 1:12-CV-1044

v.

                                         HON. ROBERT HOLMES BELL

WARDEN WILLIE SMITH, et al.,

       Defendants.
                                      /

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On September 9, 2013, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Plaintiff Frank Egan Smith's claims for damages against Defendants Willie Smith, Haresh B. Pandya, and Steven M. Moore in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity; that the motions for summary judgment filed by Defendants Scott Holmes, M.D., Smith, Pandya, and Moore, (Dkt. Nos. 53, 57) be granted; and that judgment be entered in Defendants' favor on all of Plaintiff's claims against them in their individual capacities. (Dkt. No. 80, R&R.)  Plaintiff filed objections to the R&R on September 23, 2013, (Dkt. No. 81).  Defendant Holmes filed a response to Plaintiff's objections on October 3, 2013 (Dkt. No. 82).

       This Court is required to make a *de novo* determination of those portions of the R&R

to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff's objections are based on his contention that he has not been able to secure the medical records he needs to prove his allegations.

Defendants have not objected to production of Plaintiff's medical records, but have only insisted that he pay for their production. (Dkt. No. 76, Order at 1.) Furthermore, Defendants have in fact served on plaintiff approximately 400 pages of medical records in support of their dispositive motions. (Dkt. Nos. 55, 56, 62, Sealed Medical Records.) The Magistrate Judge denied Plaintiff's motion for discovery based on his finding that Plaintiff had not met his burden under Rule 56(d) to show what further records he might need to support his opposition to the Defendants' summary judgment motions. (Dkt. No. 76, Order at 2.) Plaintiff has not shown that the Magistrate Judge's denial of his motion to conduct further discovery was erroneous. Moreover, the medical records that have been produced demonstrate that Plaintiff has received constant medical care for his lung cancer, and Plaintiff has still not articulated how additional medical records would enable him to defend against Defendants' summary judgment motions. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 81) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the September 10, 2013, R&R (Dkt. No. 80) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's claims for damages against Defendants Willie Smith, Haresh B. Pandya, and Steven M. Moore in their official capacities are **DISMISSED WITH PREJUDICE** because they are barred by Eleventh Amendment immunity.

**IT IS FURTHER ORDERED** that the motions for summary judgment filed by Defendants Scott Holmes, M.D., Smith, Pandya, and Moore, (Dkt. Nos. 53, 57) are **GRANTED**.

**IT IS FURTHER ORDERED** that **JUDGMENT** is entered in Defendants' favor on all of Plaintiff's claims against them in their individual capacities.


Dated: November 25, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE